# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO- EASTERN DIVISION

BRYAN ANTHONY REO           )
7143 Rippling Brook Lane     )
Mentor, Ohio 44060         )
                               )
        Plaintiff,         )
                               )
   v.                     )
                               )
                               )

Case No. **1:14CV1508**

JURY DEMAND REQUESTED

**JUDGE POLSTER**

CIVIL COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF

**MAG. JUDGE VECCHIARELLI**

(Unlawful Telecommunications, Unlawful
Debt Collection Practices, Violation of the
Ohio Consumer Sales Practices Act,
Intentional Infliction of Emotional Distress)

REVENUE GROUP          )
3700 Park E Dr #240       )
Beachwood, OH 44122     )
                               )
        Defendant.       )

## COMPLAINT

BRYAN ANTHONY REO (Plaintiff), alleges the following against Revenue Group (Defendant):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. (FDCPA), the Telephone Consumer Protection Act, 47 U.S.C. 227 et seq. (TCPA) the Ohio Consumer Sales Practices Act (TCPA) ORC § 1345.02 and ORC § 1345.09(B), as well as the doctrine of intentional infliction of emotional distress.

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that "*An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs.*" Additionally there is federal question jurisdiction over the TCPA claim [see Mims v Arrow Fin Servs., LLC, 132 S. Ct. 740 (2012). Finally, 28 U.S.C. 1367 grants this court supplemental jurisdiction over the state claims contained therein.

3. Because Defendant conducts business in Ohio, personal jurisdiction is established.

4. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)*.

## PARTIES

5. Plaintiff is a natural person who resides in Mentor, Lake County, Ohio and is being called by Defendant in violation of the TCPA, and Plaintiff is a "person" as that term is used in 47 U.S.C. 227(3). Plaintiff is a called party as defined in the TCPA and consistent with the holding in ***Nelson v. Santander Consumer USA, Inc.*** (No. 11-CV-307-BBC, --- F. Supp. 2d ---, 2013 WL 1141009 (W.D. Wis., Mar. 8, 2013) ***and Soppet v. Enhanced Recovery Co., LLC***, 679 F.3d 637, 643 (7th Cir. 2012).

6. Additionally Plaintiff is allegedly obligated to pay a debt, and Plaintiff is a "consumer" as that term is defined by *15 U.S.C. 1692a(3)*.

7. Pursuant to the definitions outlined in *47 U.S.C. 227a(1-5)*,Defendant is engaged in electronic telecommunication for the purpose of delivering unsolicited communications, with such communications being directed to Plaintiff on his telephone in express violation of *47 U.S.C. 227b(3)*.

2

8. Additionally, pursuant to the definitions outlined in *15 U.S.C. 1692a(1-6)*, Defendant is a debt collector and sought to collect a consumer debt from Plaintiff which was allegedly due and owing from Plaintiff, and Plaintiff is a consumer debtor.

9. Defendant Revenue Group is a debt collector with an office in Beachwood, Ohio.

10. Defendant is engaged in the initiation of a telephone call or message for the purpose of delivering a recorded robo message.

11. Defendant is a telecommunications auto-dialer that in the ordinary course of business, regularly, on behalf of itself or others, engages in placing of auto-dialed calls.

12. Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by *15 U.S.C. § 1692a(6)*.

13. Defendant is a collection agency that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## FACTUAL ALLEGATIONS

14. Defendant contacted Plaintiff on 1st July 2014 at approximately 8:01 am EST with a recorded message which simply declared, "this is not a sales call, stay on the line to speak with a representative." Plaintiff had no idea what was going on and would have immediately terminated the call if the recorded message had divulged that the call was a debt collection matter as Plaintiff is terrified of debt collectors and will generally only communicate with them in writing via US Mail, Certified Return Receipt Requested [because of their general dishonesty and treachery]. Note that the recorded message did

not mention the name of the business or the entity making the call or on whose behalf the call was being made. Also note that the Caller ID did not display any name information. Please note that Plaintiff recorded the call and will be entering the recording as evidence. Plaintiff has also attached a screen-shot of the Caller ID as Exhibit 1.

15. Plaintiff eventually got through to an operator, who pretended that Plaintiff had called them, even going so far as to declare, "Thank you for calling the Revenue Group, how may I help you?" even though it was the Defendant who contacted the Plaintiff. The operator eventually got around to answering Plaintiff's question as to the type of business that she worked with, eventually declaring the business to be a debt collector.

16. The Defendant insisted that the Plaintiff owed a debt. Plaintiff was eventually able to get them to declare the amount allegedly owed and to whom the debt had originally been owed [after their initial refusal to divulge that information].

17. During the initial communication made by Defendant on 1st July 2014 Plaintiff verbally disputed the validity of the debt, explicitly [and on several occasions] declared that he [Plaintiff] refused to pay, would not pay, and demanded no further contact. Plaintiff followed up by faxing a written cease/desist to Defendant on 1st July 2014.

18. Defendant persisted in contacting Plaintiff by delivering a letter to Plaintiff at Plaintiff's home address on 5th July 2014 even though Plaintiff had already made a cease/desist request on the phone with the Defendant's agent/employee on 1st July 2014 and then by faxed letter on the same day. The letter delivered by Defendant to Plaintiff did not state anything about closing out the account or preparing litigation [it did not mention closing the account or specific remedies to be taken by the debt collector], it simply repeated the same rhetoric from the initial phone call, that money was allegedly owed by Plaintiff to

Defendant. The letter also informed Plaintiff that if he paid with a credit card or a check he would be subject to additional fees for the purpose of "convenience" which is something that the FDCPA does not allow for [additional fees beyond the alleged debt].

19. Plaintiff received medical services from Lake Health Systems on 30th January 2014 and has attached a copy of the original receipt which shows "ACCOUNT BALANCE 0.00" "PATIENT BALANCE 0.00" "INSURANCE BALANCE 0.00." Plaintiff is a self-pay cash paying patient who paid in cash, in full, and was supposed to receive the cash discount he was entitled to, his original receipt [attached as Exhibit 2] shows an outstanding account balance of exactly zero dollars. Due to a billing mistake Lake Health Systems began sending Plaintiff bills in the mail for approximately $480.00 dollars. Plaintiff attempted to work through the mistake with Lake Health Systems but they have refused all attempts to resolve the billing mistake and now turned over this bogus debt to a debt-buyer attempting to terrorize Plaintiff into paying money that is not legitimately owed.

20. The Defendant declared that if Plaintiff did not immediately make plans to pay up that legal action would be taken and he would be sued. Plaintiff has been terrified over the prospect of being sued by a debt collector particularly over money that he does not legitimately owe.

21. Defendant also threatened to report Plaintiff to a credit reporting agency if he did not pay up. Plaintiff is horrified that this will negatively impact his stellar credit score and hinder his ability to rent an apartment.

22. The Defendant's conduct has caused Plaintiff to be subjected to incredible emotional distress beyond the pale of what any person should be expected to tolerate in a civilized

society. Plaintiff has an embarrassing skin condition that primarily impacts his scalp, a condition known as seborrheic dermatitis (commonly referred to as "scaly scalp") which in recent months was largely under control and was not causing Plaintiff any problems due to Plaintiff's endeavors to receive adequate exposure to sunlight and Plaintiff's regular use of topical prescription medications and natural treatments. However, stress is a major trigger for an episode of nasty seborrheic dermatitis and the Defendant's conduct, threatening to have Plaintiff reported to a credit reporting agency and to litigate against Plaintiff, caused an explosive episode of seborrheic dermatitis.

23. Additionally, the Defendant's conduct caused a trigger in the Plaintiff's long-dormant ulcer condition and caused a return of Plaintiff's on/off hemorrhoid condition, which resulted in Plaintiff defecating blood.

24. Defendant also misrepresented themselves [via false implication] to be a credit reporting agency and told Plaintiff "when we put this on your credit…" as though they are the ones in control of his credit report. Plaintiff left the conversation with the distinct impression that the Defendant was a credit reporting agency. Any unsophisticated consumer would have been convinced he was dealing with a bona fide credit reporting agency. The Defendant should have an obligation to clearly and explicitly state, "we are not a credit reporting agency" when they make references about "putting this on your credit report" as such references could easily fool an unsophisticated consumer. Plaintiff was initially fooled until he began to investigate Revenue Group and realized that despite their statements implying their status as a consumer reporting agency, they are not an actual credit/consumer reporting agency.

25. Defendant delivers unsolicited and unauthorized calls to Plaintiff at telephone number:

440-352-6060. Plaintiff's phone.

26. Defendant makes calls to Plaintiff from, telephone number: 216-342-1008.

27. Defendant dispatched a letter [multiple days after Plaintiff's two separate cease/desist requests] to Plaintiff at his home address.

28. Defendant's conduct was treacherous and despicable, attempting to terrorize a young man into paying on a debt that he does not legitimately owe.

29. This Court should note that *Charvat v Ryan* 168 Ohio App. 3d 78- Ohio Court of Appeals, 10th Appellate District. (2006) allows for Plaintiff to recover for multiple TCPA/telecommunication violations, including technical violations, that occur within a single call. The Ohio Court of Appeals held (in pertinent part)- *Thus, appellant is entitled to an award for appellee's violation of Section 227(b)(1)(B), Title 47, U.S. Code, delivery of a message using an artificial or prerecorded voice without the plaintiff's express consent; another award for violation of Section 64.1200(b)(1), Title 47, C.F.R., delivery of an artificial or prerecorded telephone message that does not, at the beginning of the message, state clearly the identity of the business, individual, or other entity that is responsible for initiating the call; another award for violation of Section 64.1200(b)(2), Title 47, C.F.R., delivery of an artificial or prerecorded telephone message that does not state clearly the telephone number of such business, other entity, or individual; and another award for violation of Section 64.1200(d)(1), Title 47, C.F.R., failure to have a written policy, available upon demand, for maintaining a "do not call" list. Appellant is entitled to an aggregate award under the TCPA of $2,000. When the trial court refused to award more than $500 for violations occasioned by the violative call, based on a contrary interpretation of the language of Section 227(b)(3), Title 47, U.S. Code, and*

*granted summary judgment in favor of appellees on this issue, this was error. For these reasons, appellants first and second assignments of error are sustained.* The ruling allowing recovery of multiple violations, even multiple technical violations, was upheld by the Ohio Supreme Court in *Charvat v Ryan* 116 Ohio St. 3d 394 (2007).

## COUNT I
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

30. Defendant violated the TCPA based on the following:

    a.  Defendant violated *§227(b)(1)* of the TCPA by engaging in conduct the natural consequence of which was to utilize Plaintiff's phone resources and rob him of his time.

    b.  Defendant violated *§227(b)(1)* of the TCPA by causing a phone to ring and engaging Plaintiff with unsolicited and unauthorized auto-dialed calls.

    c.  Furthermore, Plaintiff alleges that the violation was willful with a disregard to TCPA. Defendant lacked express prior consent to contact Plaintiff with calls delivered by an auto-dialer.

    d.  For the purposes of the law this violation was willful. The Ohio Supreme Court has adopted a definition requiring only that the defendant knew of the facts that constituted the offense, not that the defendant knew that this conduct violated the law. See *Charvat v Ryan 116 Ohio St. 3d 394 (2007)*

    e.  Defendant committed 1 violation of Count I.

## COUNT II
## DEFENDANT AGAIN VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

31. Defendant violated the TCPA based on the following:

    a.  Defendant violated *§227(b)(1)(B)* of the TCPA by contacting Plaintiff with the use of an auto-dialer that delivered a recorded message, without express prior consent.

    b.  Furthermore, Plaintiff alleges that the violation was willful with a disregard to the TCPA. Defendant has the ability to decide whether to abide by the TCPA, whether to comply with requirements to obtain prior express consent, or whether to disregard such requirements and make calls however they please.

    c.  For the purposes of the law this violation was willful. The Ohio Supreme Court has adopted a definition requiring only that the defendant knew of the facts that constituted the offense, not that the defendant knew that this conduct violated the law. See Charvat v Ryan 116 Ohio St. 3d 394 (2007)

    d.  Defendant committed 1 violation of Count II.

## COUNT III
## DEFENDANT AGAIN VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

32. Defendant violated the TCPA based on the following:

    a.  Defendant violated §227(d)(3) of the TCPA by using a pre-recorded message that failed to disclose the business, individual, or other entity making the call. Specifically *"all artificial or prerecorded telephone messages shall, at the beginning of the message, state clearly the identity of the business, individual, or other entity initiating the call."*

    b.  Furthermore, Plaintiff alleges that the violation was willful with a disregard to the

TCPA. Defendant is in absolute control over the contents of their pre-recorded message and has all the power in the world to comply with the law by having their recorded message identify the business at the beginning of the call, instead of electing to have a confusing declaration of "this is not a sales call, stay on the line to speak with an operator" without any identifying information whatsoever.

c.  For the purposes of the law this violation was willful. The Ohio Supreme Court has adopted a definition requiring only that the defendant knew of the facts that constituted the offense, not that the defendant knew that this conduct violated the law. See *Charvat v Ryan 116 Ohio St. 3d 394 (2007)*

d.  Defendant committed 1 violation of Count III.


## COUNT IV
## DEFENDANT AGAIN VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

33. Defendant violated the TCPA based on the following:

a.  Defendant violated *§227(d)(1)(a)* of the TCPA by using an auto-dialing machine that did not comply with the TCPA in that it showed no identifying information such as the name of the business on the Plaintiff's Caller ID.

b.  Furthermore, Plaintiff alleges that the violation was willful with a disregard to the TCPA. Defendant can decide whether or not to play games to make it so that no identifying name information is displayed or whether to let the name be displayed.

c.  For the purposes of the law this violation was willful. The Ohio Supreme Court has adopted a definition requiring only that the defendant knew of the facts that

constituted the offense, not that the defendant knew that this conduct violated the law. See *Charvat v Ryan 116 Ohio St. 3d 394 (2007)*

    d.  Defendant committed 1 violation of Count IV.

## COUNT V
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

34. Defendant violated the FDCPA based on the following:

    *a.*  Defendant violated *1692e(5) of the FDCPA* by threatening to undertake action that they cannot legally undertake [specifically they cannot sue Plaintiff over a debt that he does not legitimately owe].

    b.  Defendant committed 1 violation of Count V.

## COUNT VI
## DEFENDANT AGAIN VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

35. Defendant violated the FDCPA based on the following:

    a.  Defendant violated *1692e(11)* via *The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose.*

    b.  Defendant's recorded message utterly failed to meet the burden laid out in 1692e(11) and only after several minutes did Plaintiff finally learn the call was a debt collection matter.

    c.  Defendant committed 1 violation of Count VI.

## COUNT VII
## DEFENDANT AGAIN VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

36. Defendant violated the FDCPA based on the following:

    a. Defendant violated *1692e(16) via The false representation or implication that a debt collector operates or is employed by a consumer reporting agency as defined by section 1681a (f) of this title*

    b. Defendant's agent made a remark to Plaintiff, "when we put this on your credit…" Plaintiff was terrified and left with the distinct impression that the Defendant was a consumer reporting agency or operated such an agency.

    c. Defendant never explicitly declared or even attempted to clarify that they are not actually a consumer/credit reporting agency. Defendant should be obligated to clearly communicate to an alleged debtor that they are not a consumer reporting agency, especially when they are making remarks along the lines of, "when we put this on your credit."

    d. Defendant committed 1 violation of Count VII.

## COUNT VIII
## DEFENDANT AGAIN VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

37. Defendant violated the FDCPA based on the following:

    a. Defendant violated *1692c(C)* by failing to cease communication with the Plaintiff after they were faxed a cease/desist on 1st July 2014.

    b. The letter that was delivered to Plaintiff on 5th July 2014 was not exempted under

the relevant subsection, it did not advise the consumer that further collection efforts were being terminated, it did not reference specific remedies to be invoked, and it did nothing other than restating the debt and demanding immediate payment.

c. None of the language in the statute allows for a debt collector that made initial contact via phone and wound up receiving a cease/desist in writing the same day, to then deliver a written communication to the alleged debtor, which simply restates the information about the debt and requests payment.

d. Defendant committed 1 violation of Count VIII.


## COUNT IX
## DEFENDANT VIOLATED THE OHIO CONSUMER SALES PRACTICES ACT

38. Defendant violated the OCSPA based on the following:

a. Defendant violated the Ohio Consumer Sales Practices Act ORC § 1345.02(A) by **"committing an unfair or deceptive act or practice in connection with a consumer transaction."** Noting that- **"Such an unfair or deceptive act or practice by a supplier violates this section whether it occurs before, during, or after the transaction."**

b. The Defendant attempted to deceive Plaintiff into paying a bill that he does not legitimately owe. They attempted to use coercion, via the threat of litigation and the threat to destroy his credit rating, to get him to make the payments. This is a violation of the plain language of the OCSPA.

c. For the purposes of the law this violation was willful. The Ohio Supreme Court has adopted a definition requiring only that the defendant knew of the facts that

constituted the offense, not that the defendant knew that this conduct violated the law. See Charvat v Ryan 116 Ohio St. 3d 394 (2007)

d.  Defendant committed 1 violations of Count IX.

## COUNT X
## DEFENDANT AGAIN VIOLATED THE OHIO CONSUMER SALES PRACTICES ACT

39. Defendant violated the OCSPA based on the following:

a.  Defendant violated the Ohio Consumer Sales Practices Act ORC § 1345.02 and ORC § 1345.09(B) by "knowingly failing to provide disclosures required under state and federal law" in that they did not provide a disclosure required under federal law when their recorded message failed to disclose the identity of the business making the call at the beginning of the recording.

b.  Furthermore, Plaintiff alleges that this violation was willful with a disregard to the OCSPA. The Defendant has the ability to decide whether or not it will place the identity of their business in the beginning of their recorded message or whether they will just ignore the law and do as they please.

c.  For the purposes of the law this violation was willful. The Ohio Supreme Court has adopted a definition requiring only that the defendant knew of the facts that constituted the offense, not that the defendant knew that this conduct violated the law. See *Charvat v Ryan 116 Ohio St. 3d 394 (2007)*

d.  Defendant committed 1 violation of Count X.

## COUNT XI

**DEFENDANT AGAIN VIOLATED THE OHIO CONSUMER SALES PRACTICES ACT**

40. Defendant violated the OCSPA based on the following:

    a.  Defendant violated the Ohio Consumer Sales Practices Act ORC § 1345.02 and ORC § 1345.09(B) by "knowingly failing to provide disclosures required under state and federal law" in that they made it so the Caller ID would not display their business name when they placed a call to the Plaintiff.

    b.  Furthermore, Plaintiff alleges that this violation was willful with a disregard to the OCSPA. The Defendant has the ability to decide whether or not to let their business name appear with the call they place or whether to play games and make sure no name/identifying information appears when they call a consumer in an attempt to terrorize him into giving up his money.

    c.  For the purposes of the law this violation was willful. The Ohio Supreme Court has adopted a definition requiring only that the defendant knew of the facts that constituted the offense, not that the defendant knew that this conduct violated the law. See *Charvat v Ryan 116 Ohio St. 3d 394 (2007)*

    d.  Defendant committed 1 violation of Count XI.

**COUNT XII**
**DEFENDANT AGAIN VIOLATED THE OHIO CONSUMER SALES PRACTICES ACT**

41. Defendant violated the OCSPA based on the following:

    a.  Defendant violated the Ohio Consumer Sales Practices Act ORC § 1345.02 and ORC § 1345.09(B) by "knowingly failing to provide disclosures required under state and federal law" in that they failed, at the beginning of the call, to disclose that the call was for the purposes of debt collection and that any and all

information obtained in the call would be used in an attempt to collect on a debt.

b. Furthermore, Plaintiff alleges that this violation was willful with a disregard to the OCSPA. The Defendant has the ability to decide whether or not to make the necessary disclosure at the beginning of their recorded message or to shrug off their duty and responsibility under the law and behave in whatever manner they wish.

c. For the purposes of the law this violation was willful. The Ohio Supreme Court has adopted a definition requiring only that the defendant knew of the facts that constituted the offense, not that the defendant knew that this conduct violated the law. See *Charvat v Ryan 116 Ohio St. 3d 394 (2007)*

d. Defendant committed 1 violation of Count XII.


## COUNT XIII
## DEFENDANT VIOLATED THE OHIO CONSUMER SALES PRACTICES ACT

42. Defendant violated the OCSPA based on the following:

a. Defendant violated the Ohio Consumer Sales Practices Act ORC § 1345.02 and ORC § 1345.09(B) by violating the Telephone Consumer Protection Act such that each violation of the TCPA and FDCPA is also a per se violation of the OCSPA.

b. Plaintiff notes that he can only collect the statutory damages for the FDCPA once but he can collect for multiple violations of the OCSPA that occur within one encounter/transaction/conversation/letter/phone-call, etc, as there is no limit within the OCSPA as there is within the FDCPA. Thus while the Defendant violating three aspects of the FDCPA only amounts to one collectible FDCPA

violation, it amounts to three collectible per se OCSPA violations as each FDCPA is also a per violation of the OCSPA and each and every OCSPA is collectible on a per violation basis.

c. Furthermore, Plaintiff alleges that the violations were willful with a disregard to the OCSPA.

d. For the purposes of the law these violations were willful. The Ohio Supreme Court has adopted a definition requiring only that the defendant knew of the facts that constituted the offense, not that the defendant knew that this conduct violated the law. See Charvat v Ryan 116 Ohio St. 3d 394 (2007)

e. Defendant committed 8 violations of Count XIII.

## COUNT XIV
## DEFENDANT INFLICTED EMOTIONAL DISTRESS UPON THE PLAINTIFF

43. Defendant inflicted emotional distress upon the Plaintiff based on the following:

a. Defendant inflicted extreme emotional distress upon Plaintiff and subjected him to mental anguish and emotional distress that no reasonable individual should be expected to bear, due to Defendant's conduct that was outrageous and beyond the pale of what would be tolerated or accepted in a civilized community.

b. Defendant informed Plaintiff that unless he paid money that he sincerely believes he does not owe [see Exhibit 2 with the receipt showing a patient/account balance of 0.00 as of the conclusion of Plaintiff's visit to his primary care physician] that he would be dragged into court by the Defendant and he would have his credit rating destroyed.

c. Defendant's conduct was brutal and ruthless, almost certainly motivated by sheer

greed which caused a total disregard for the TCPA, the FDCPA, and the OCSPA and any other relevant laws/statutes. Defendant not only disregarded the law, Defendant disregarded the standards of basic human decency. The Defendant caused Plaintiff to defecate blood and to have an attack of a stomach ulcer from the unbearable stress they subjected him to. Plaintiff also lost a great amount of sleep worrying about what might happen with his credit report.

d.  The Defendant couldn't care less what happens to Plaintiff's health; just so long as they can get their $480 dollars that they are not even legitimately entitled to because the Plaintiff does not rightly owe the money. The conduct of the Defendant was truly despicable and disgusting.


WHEREFORE, Plaintiff, BRYAN ANTHONY REO respectfully requests judgment be entered against Defendant Revenue Group. for the following:

44. Statutory damages of $500.00 for the aforementioned violation from Count I pursuant to the Telephone Consumer Protection Act, *47 U.S.C. 227(c)(5),* for a total amount of $500 dollars from Count I.

45. Treble damages for the violation from Count I as it was willful or knowing [raising the total amount of damages from Count I to **$1,500.00** dollars].

46. Statutory damages of $500.00 for the violation from Count II pursuant to the Telephone Consumer Protection Act, *47 U.S.C. 227(c)(5),* for a total amount of $500.00 dollars from Count II.

47. Treble damages for the violation from Count II as it was willful or knowing [raising the total amount of damages from Count II to **$1,500.00** dollars]

48. Statutory damages of $500.00 for the violation from Count III pursuant to the Telephone Consumer Protection Act, *47 U.S.C. 227(c)(5),* for a total amount of $500.00 dollars from Count III.

49. Treble damages for the violation from Count III as it was willful or knowing [raising the total amount of damages from Count III to **$1,500.00** dollars]

50. Statutory damages of $500.00 for the violation in Count IV pursuant to the Telephone Consumer Protection Act, *47 U.S.C. 227(c)(5),* for a total amount of $500.00 dollars from Count IV.

51. Treble damages for the violation from Count IV [raising the total amount of damages from Count IV to **$1,500.00** dollars]

52. Statutory damages of **$1,000.00** dollars encompassing the violations in Count V, Count VI, and Count VII pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k,,* for a total amount of $1,000.00 dollars from Count V, VI, VII, and VIII.

53. Statutory damages of $200.00 for the violation in Count IX pursuant to the Ohio Consumer Sales Protection Act, ORC 1345.09 for a total amount of $200.00 in damages from Count IX.

54. Treble damages for the violation from Count IX [raising the total amount of damages from Count IX to **$600.00** dollars]

55. Statutory damages of $200.00 for the violation in Count X pursuant to the Ohio Consumer Sales Protection Act, ORC 1345.09 for a total amount of $200.00 in damages from Count X.

56. Treble damages for the violation from Count X [raising the total amount of damages from Count X to **$600.00** dollars]

57. Statutory damages of $200.00 for the violation in Count XI pursuant to the Ohio Consumer Sales Protection Act, ORC 1345.09 for a total amount of $200.00 in damages from Count XI.

58. Treble damages for the violation from Count XI [raising the total amount of damages from Count XI to **$600.00** dollars]

59. Statutory damages of $200.00 for the violation in Count XII pursuant to the Ohio Consumer Sales Protection Act, ORC 1345.09 for a total amount of $200.00 in damages from Count XII.

60. Treble damages for the violation from Count XII [raising the total amount of damages from Count XII to **$600.00** dollars]

61. Statutory damages of $200.00 for the violation in Count XIII pursuant to the Ohio Consumer Sales Protection Act, ORC 1345.09 for a total amount of $1,600.00 in damages from Count XIII.

62. Treble damages for the violation from Count XIII [raising the total amount of damages from Count XIII to **$4,800.00** dollars]

63. Emotional damages of **$10,000.00** dollars arising from the intentional infliction of emotional distress outlined in Count XIV.

64. Actual damages.

65. Punitive damages.

66. The total amount in damages [presently **$24,200.00** dollars] may be modified at a later date as the exact number and extent of violations becomes more fully known after discovery when Plaintiff has obtained specific and exact records from Defendant as to what precisely the Defendant has done in regards to making absurd reports to

consumer/credit reporting agencies, contacting Plaintiff's relatives and friends, and otherwise attempting to harm the Plaintiff. If the Defendant had contacted Plaintiff's friends and/or relatives or done anything else to damage Plaintiff, then Plaintiff will be seeking additional damages for the humiliation of being embarrassed via improper communications made to his friends and relatives.

67. Injunctive relief against Revenue Group having any further communications with Plaintiff regarding the alleged debt.

68. Injunctive relief against Revenue Group reporting the alleged debt to any consumer/credit reporting agency. If the alleged debt has already been placed on Plaintiff's consumer/credit report, then Plaintiff respectfully requests that this Court order and compel Revenue Group to remove it at their expense and clarify any issues with the consumer/credit reporting agency.

69. Injunctive relief against Revenue Group selling, trading, or otherwise transferring the alleged debt to any other debt buyer/collection agency.

70. Any applicable legal fees, filing fees, court costs, and other associated fees that Plaintiff may incur from bringing forth and conducting this complaint.

71. Costs and reasonable attorneys' fees [should Plaintiff elect to retain legal counsel] pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

72. Any other relief that this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff, BRYAN ANTHONY REO, requests a jury trial in this case.

RESPECTFULLY SUBMITTED,

Bryan Anthony Reo
7143 Rippling Brook Lane
Mentor, Ohio 44060
Phone (440) 313-5893
E-Mail: breo08@jcu.edu
Plaintiff